Civil Action No. 1:22-CV-1160-MSN-WEF

In the United States District Court for the Eastern District Of Virginia

FILED
OCT 12 2022
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Benjamin Carter #1591524

V.

Beth Cabell, Kevin McCoy, Joshua Branch, Harold Clarke; all sued in their indiVisual and Official Capacities; John Doe(s); Commonwealth Of Virginia

# COMPLAINT.

1. Jurisdiction and Venue

a. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The Court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. section 2202 and 2201. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the federal Rules of Civil Procedure. The court has supplemental jurisdictional authority over plaintiffs state law claims under 28 U.S.C. section 1367.

b. The Eastern District Of Virginia is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occured.

2. Plaintiff

a. Benjamin Carter #1591524, is and was at all times mentioned herein a

prisoner at Sussex I State Prison (SISP).

3. Defendants

a. Beth Cabell is the lead Warden for SISP and Sussex 2 State Prison (S2SP), who at all times mentioned in this complaint is legally responsible for the overall Welfare of all prisoners housed at SISP-S2SP.

b. Kevin McCoy is the warden for SISP, who at all times mentioned in this complaint is legally responsible for the welfare of all prisoners housed at SISP.

c. Joshua Branch is the Unit Manager (UM) of Housing Unit (HU) 3 at SISP, at all times mentioned in this complaint. He is legally responsible for the welfare of prisoners housed in HU-3 at SISP.

d. Harold Clarke is the Director of the Virginia Department Of Corrections (VDOC), who at all times mentioned in this complaint, is legally responsible for all facilities and their operations to be orderly and constitutional in the commonwealth of Virginia.

e. John Doe(s) is an employee of the VDOC located in the commonwealth of Virginia, and will be identified through discovery.

f. Commonwealth Of Virginia is legally responsible for all employees of the VDOC, mentioned herein this complaint, at all times.

4. Facts

a. I arrived to SISP in the later part of August 2021 as a prisoner that suffers from Post-Traumatic Stress Disorder (PTSD), Anti Social Personality Disorder (ASPD), Paranoia Disorder, Anxiety and Depression Disorders, Schizophrenia, mental disabilities throughout my entire incarceration in the VDOC, diagnosed and documented by liscenced Expert Physicians/Mental Health Phycologist. My Mental Health Code (MHC) is code "2", which means I have diagnosed mental disabilities that put me at high risk of turning "severe" if not treated for my diagnosed mental health disadvantages ("Severe" meaning, "severely mentally impaired," and/or "substaintially impaired, by my mental health "mild" impairement as a MHC-2) properly w/ the medications and housing settings to prevent further detioration and possible death by suicide in HU-3B, previous "SMI."

b. Upon arriving at SISP, I was subjected to the immediate care of VDOC employees Beth Cabell, Joshua Branch, and Harold Clarke's supervision.

c. Joshua Branch then became aware of all of my listed above mental disabilities at my first Institional Classification Authority (ICA) meeting a matter of days (roughly 1-5 days) after arriving at SISP, which the Qualified Mental Health Proffessional (QMHP), Assigned HU Counselor, and Building Committee, John Doe(s), all were aware of but these defendants "Knowingly disregarded" my known mental disorders and they agreed to place me in solitary confinement at SISP.

d. Joshua Branch then submitted the ICA Review w/ John Doe(s)

through the proper channels for Beth Cabell to review in CORIS, in which she reviews monthly when submitted, noting my MHC-2, SMI.

e. The conditions of solitary confinement (Restorative Housing Unit (RHU)) at SISP, HU-3A that was used for Death Row prisoners, as they still are, were deemed unconstitutional already in 2018 and Constituted Deliberate Indiffrence in violation of the 8th Amendment to the U.S.C. see Porter V. Clarke, 923 F.3d 348 (4th cir. 2019) but Harold Clarke never stopped SISP from operating these same solitary confinement Conditions and my mental health risk is at a decline daily and is at Substantial potential Permenent Harm. I am subjected to the following Solitary Confinement Conditions and have been; subjected to a roughly 70 sq. ft. cell 24 hours a day, -20 hours a day, no human stimuli, no contact visits, no congregational Recreation, not allowed to eat meals outside of cell, no participation in congregational religous services or prison programming, no outdoor recreation equipment or area to congregate unrestrained, allowed only upto 4 hours in a outdoor "dog cage" that keeps me confined by myself roughly 7.9 by 20 feet w/o any excersise equipment daily, allowed only 3 showers a week (no showers permitted on Saturdays and Sundays), and only leave my cell occassionally if im called for either a medical appointment, Kiosk visit for 20 minutes 4x's a month, or lawyer visit roughly every 4 months, and in which everytime I leave my cell, im in full "Chain Gang" restraints. "Chain Gang" restraints meaning being placed in hand cuffs w/ a chain wrapped around my waist that iron chains connect to the handcuffs to placed my

entire upper body into a restricted uncomfortable position where my hands cannot even wipe my face, and if I attempt to scratch my nose, beard, or chin, My wrist will be cut by the movement, and im placed in iron shakles that make it impossible virtually to walk. When I walk, I have to have 2 c/o's keep me balanced as I get my ankles cut up by the metal shakles I have to attempt to walk in, and the only thing I can do is "hope" the shakles are not too sharp to prevent the cuts from going to get too deep. I'm subjected to this restraint mechanism the entire time I have to be escorted anywhere at SISP outside of my cell. The timeframe of roughly 10-20 minutes sometimes, and occasionally 2-4 hours at a time, and when the "Chain Gang" restraints are finally removed, I am left w/ swolleen, sore, and majority of the time, "open cuts" on my wrist and/or ankles. These physical injuries may last from 2 days - 6 weeks at a time everytime im placed in "Chain Gang" restraints, as apart of the RHU Conditions at SISP.

f. I stayed subject to the conditions above from the later part of August 2021 (between the 19th-23rd day), until the later part of November 2021 (between the 18th-24th day) at SISP. Then still under personal supervision of Beth Cabell, placed back into these same solitary confinement conditions at S2SP from the later part of November 2021 above, until the later part of June 2022 (between the 20th-23rd day).

g. I was transferred back to SISP in the later part of June 2022

listed above, until current date of this complaint, still under the personal supervison of Beth Cabell, and back to personal supervision of HU-3 UM Joshua Branch, w/ the addition now of personal supervision of Kevin McCoy, to the same solitary confinement conditions listed above in RHU in 3A-22d.

h. Week after week, I reported to John Doe QMHP, John Doe HU-Counselor, Joshua Branch, Beth Cabell, Kevin McCoy, John Doe Building Committee Team officials at SISP-S2SP my "SMI" (Serious Mental Illness) Diagnoses of the above listed mental disabilities I have had documented, and ordered for accomodations to properly treat since incarceration in 2016. I provided my mental health records dating back to 2016, 2017, 2018, 2019, 2020, 2021, to all of the herein mentioned, that read I was in need for "SMI" accomodations in 2018 when entering custody of the VDOC under the personal supervison of Harold Clarke's welfare. I was given my "SMI" accomodations up until 2020, the later part of May. However, my accomodations were afforded back to me in the later part of April 2021 (between the 27th-30th day) through the earlier part of May 2021 (between the 4th-10th day), when I was transferred to the Southside Regional Jail located in Emporia, VA due to the VDOC deprivation of U.S.C. rights in their custody.

i. Everytime I mentioned my mental disabilities and/or symptoms to the listed defendants verbally or written, they would acknowledge that I was suffering from MHC-2 symptoms and there was nothing

they would do to release me from the punishment and health risk of subjecting me as a mentally ill prisoner, diagnosed w/multiple "Chronic" mental disabilities, in solitary confinement (RHU) at SISP-S2SP, and I continued to detiorate and suffer mental decline and be deprived of my "SMI accomodations" at SISP-S2SP. w/ a diagnosed accomodation by a liscenced physician for my "SMI" disability since 2017. (See exhibit B-3), at still at "grave risk."

j. The VDOC has a state law operating procedure (OP) governing "SMI" REQUIRED Accomodations, Mental Health housing settings, and the Americans w/ Disabilities Act/504 Rehabilitation Act, entitles me to parallel and/or the following housing settings: Not to be placed in solitary confinement (RHU) for no more than 28 Days w/o having a showing of suicidal/Homicidal actions that would only disrupt the orderly operations of the facility if released, Adequate weekly mental health group congregational setting interaction unrestrained w/ other prisoners and staff, a minimum of 10 hours out of cell recreational time unrestrained, art therapy eligible, music therapy eligible, Accessible QMHP daily, congregational religous services, Therapeutic Community Services, and more specified in OP801.3, OP701.1, OP701.2, OP720.1, OP730.1, OP841.4, Local OP830.A, OP830.2, OP830.2 in accordance to the herein mentioned Acts. Defendants Beth Cabell, Joshua Branch, Kevin McCoy, personally have all spoken to me at SISP-S2SP about my mental disabilities, and my entitled accomodations to avoid punishment of solitary confinement in 3A-pod w/ my diagnosed disabilities as a "SMI" prisoner and MHC-2,

but they "Knowingly are disregarding" such, and remain to leave me at "Substantial risk of future and present harm" at SISP in RHU, with Harold Clarke liable for their supervision, aswell as me personally talking to John Doe(s) about these entitlements and they "Knowingly disregard" my diagnoses as well, and I am still being subjected to Cruel and Unusual punishment as a mentally ill prisoner diagnosed w/ Severe Mental Illnesses of Chronic PTSD, ASPD, Anxiety and Depression Disorder, Paranoia Disorder, Schizophrenia, Attention Deficit Disorder, Hypertension Disorder, Psychosis Disorder, and prescribed SMI accomodations, mental health medications, and treatment, but defendants refuse to give it to me as im entitled, and im suffering daily in solitary confinement "at risk" of Permenent or Worsend mental disabilities, as defendants entity of VDOC has documented since 2018, (see exhibits B-1-D-1) at Nottoway Corr. Cntr.

5. Legal Claims

a. Plaintiff realleges paragraphs 1-4 and incorporates by refrenced.

b. Defendants Joshua Branch, Beth Cabell, Kevin McCoy, and John Doe(s) all concertly have acted w/ Deliberate Indiffrence to plaintiffs long-term detention in conditions amounting to solitary confinement as a mentally ill prisoner, creating a "substational risk" of "psychological and emotional harm" to that risk. see Porter v. Clarke, 290 F. Supp. 3d 518, 530-33 (E.D. Va. 2018), in violation of the Eighth Amendment to the U.S.C. to be free from Cruel and Unusual Punishment.

Defendant Harold Clarke "Knew" of the unconstitutional conditions of confinement being practiced at SISP, and failed to properly supervise the defendants Beth Cabell, Kevin McCoy, and Joshua Branch, John Doe(s), in preventing the use of Solitary Confinement personally, after he was given a order of a Preliminary and Permenent injunction GRANTED to prevent the further use of the challenged conditions, id. in the VDOC at SISP specifically, and is personally liable for defendents deliberate indifference to plaintiffs SMI and "substantial Risk of psychological and emotional harm as their Supervisor", and has violated his duty to, and is a violation of plaintiffs Eighth Amendment under "Supervisor Liability"; to be free from Cruel and Unusual Punishment.

6. Defendant Commonwealth Of Virginia is legally liable for the unconstitutional conditions of confinement practiced by the above named defendants. In Porter v. Clarke, id., defendants had a "duty" to prevent the illegal practices of the challenged conditions, their "failure" to prevent so, "lead to" the direct and Proximate deprivation of plaintiffs "Eighth amendment right to be free from Cruel and Unusual punishment" at SISP and deprived of a fundemental SMI accomodation to avoiding RHU (solitary confinement) conditions and causing plaintiff to detiorate mentally, and constitutes Negligence in the State of Virginia under State Tort Claims.

6. Exhaustion Of Administrative Remedies

a. Plaintiff Utilized OP866.1 grievance procedure available at SISP and took the claims of Deliberate Indifference to his substantial Risk to psychological and emotional harm at SISP-S2SP, to the highest channel permitted by VDOC policy for remedy, (See exhibits A-1-3 ) as intent of exhaustion of admin. remedies.

7. Prayer For Relief

a. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs directed and described herein to the responsible parties herein. Plaintiff has been, and will continually be irreparably injured by defendants conduct unless this court grants the declatory and injunctive relief which plaintiff seeks from defendants.

WHEREFORE, plaintiff Benjamin Carter #1591524 respectfully prays that this court enter judgement:

b. GRANTING plaintiff Benjamin Carter #1591524 a declaration that all acts and omissions described herein violate his rights under the U.S.C. and/or Virginia laws, and

c. A Preliminary and Permenent Injunction ordering defendants Harold Clarke, Beth Cabell, Joshua Branch, Kevin McCoy, Commonwealth Of Virginia, to immediately release plaintiff Benjamin Carter #1591524 from the conditions of solitary

confinement (Level Segregation) as a mentally ill prisoner w/ a MHC-2 (At risk prisoner for detireation in RHU).

d. Plaintiff Seeks Nominal Damages in the amount of:
$1.00 Harold Clarke
$1.00 Beth Cabell
$1.00 Kevin McCoy
$1.00 Joshua Branch
$1.00 John Doe(s) (each)

e. Plaintiff Seeks Punitive Damages in the amount of:
$20,000.00 Harold Clarke
$20,000.00 Beth Cabell
$20,000.00 Kevin McCoy
$20,000.00 Joshua Branch
$20,000.00 John Doe(s) (each)

f. Plaintiff Seeks Compensatory Damages jointly and Severally, against Harold Clarke, Beth Cabell, Kevin McCoy, Joshua Branch, John Doe(s) in the amount of $100,000.00.

g. Plaintiff Seeks Monetary Damages against the commonwealth of Virginia in the amount of $50,000.00 for Neglegence.

h. Plaintiff Seeks a Jury Trial on all issues triable by Jury,

i. Recovery for all costs in this suit,

j. All attorney fees in this suit, and

K. Any additional relief this court deems just, proper, and equitable.

8. Verification

a. I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except to the matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is True and Correct. Executed at Waverly, VA on September 30, 2022.

Signature: Benjamin Carter #1591524
Printed Name: Benjamin Carter

Respectfully Submitted,
Pro Se Benjamin Carter #1591524
Sussex I State Prison
24414 Musslewhite Drive
Waverly, VA, 23891